UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------

ERIC DELORIO,

                                    Plaintiff,

                                -against-

THE CITY OF NEW YORK, POLICE OFFICER
STEVEN MARSHALL, shield # 25053, JOHN DOES 1-2,

                                Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

CV12-5570

DEARIE, J.

POHORELSKY, M.J.

## PRELIMINARY STATEMENT

1.     Plaintiff brings this civil rights action against the City of New York and three New York City Police Officers of the 60th Precinct alleging that, on February 1, 2012, defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by using unreasonable force on him in the course of arresting him. Plaintiff is not suing for false arrest because he pled guilty to possession of a gravity knife. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault and battery which

form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because the incident at issue occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiff's state law claims brought against the individual defendant police officers, no notice of claim is required because the claim alleges intentional conduct. In suits against municipal or county employees, as opposed to suits against municipalities or counties themselves, "service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." N.Y. Gen. Mun. Law § 50-e(1)(b). Although a municipality is required to "indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, ... the duty to indemnify and save harmless ... shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. L. § 50-k(3). *See Vesterhalt v. City of New York*, 667 F. Supp. 2d 292, 300-01 (S.D.N.Y. 2009); *Kavazanjian v. Rice*, No. 03 CV 1923, 2008 WL 5340988, at *6 (E.D.N.Y. Dec. 22, 2008); *Brenner v. Heavener*, 492 F. Supp. 2d 399, 404–05 (S.D.N.Y. 2007).

## PARTIES

7. Plaintiff is a United States citizen.

8.  The City of New York is a municipal corporation organized under the laws of the State of New York.

9.  The individual defendants are members of the New York City Police Department ("NYPD"). Defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10. On February 1, 2012, at approximately 11:00 p.m., plaintiff was entering the lobby of the building where his fiancée resides, 501 Surf Avenue in Brooklyn.

11. At the above time and place, three New York City Police Officers, including, upon information and belief, Officer Steven Marshall, used excessive force on plaintiff in the course of arresting him.

12. One of the defendants struck plaintiff in his head with a baton, causing him to collapse to the ground and suffer a laceration to his head. While plaintiff was on the ground, defendants, acting in concert, held plaintiff, stomped on his hands, dragged him and handcuffed him excessively tight causing pain and injuries including bruising.

13. At all relevant times, plaintiff did not threaten or assault the defendants or resist arrest.

14. Plaintiff was brought to the 60th Precinct.

15. Plaintiff was arraigned on February 4, 2012.

16. Plaintiff obtained medical treatment on February 6, 2012.

17. On October 3, 2012, plaintiff pled guilty to possession of a gravity knife.

3

18. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered pain and physical injuries, emotional distress, fear, anxiety and humiliation. Plaintiff also incurred medical expenses of approximately $250.

## FIRST CLAIM

### (UNREASONABLE FORCE)

19. Plaintiff repeats the foregoing allegations.

20. Defendants' use of force upon plaintiff or their failure to intervene to stop the use of force on him was objectively unreasonable and caused plaintiff pain and injuries.

21. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## SECOND CLAIM

### (FAILURE TO INTERVENE)

22. Plaintiff repeats the foregoing allegations.

23. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

24. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## THIRD CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

25. Plaintiff repeats the foregoing allegations.

26. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

27. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

4

28. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

29. In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison. In 2011, Brooklyn South narcotics officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. On March 27, 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

30. In October 2011, former Brooklyn South narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge

further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

31. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York*, Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

32. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

33. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

34. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## FOURTH CLAIM

### (ASSAULT)

35. Plaintiff repeats the foregoing allegations.

36. Defendants' use of force upon plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

37. Accordingly, the individual defendants are liable to plaintiff under New York state law for assault.

## FIFTH CLAIM

### (BATTERY)

38. Plaintiff repeats the foregoing allegations.

39. Defendants' use of force upon plaintiff constituted offensive and nonconsensual physical contacts which injured him.

40. Accordingly, the individual defendants are liable to plaintiff under New York state law for battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:    November 12, 2012

                                              _____
                                              RICHARD CARDINALE
                                              Attorney at Law
                                              26 Court Street, Suite # 1815
                                              Brooklyn, New York 11242
                                              (718) 624-9391
                                              richcardinale@gmail.com (not for service)